IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARIAH SILLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIV 2:14-cv-00740-JAP-GBW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff's Motion and Memorandum to Reverse or Remand the Social Security Agency (SSA) decision to deny Plaintiff disability insurance benefits.  *Doc. 22*.  For the reasons discussed below, I recommend finding that the ALJ erred by failing to provide Plaintiff with state-agency medical opinions on which he relied in his decision to deny Plaintiff's claim.  Therefore, I recommend that the Court grant Plaintiff's motion and remand this action to the Commissioner.

    I.      **PROCEDURAL HISTORY**

Plaintiff's mother filed an initial application for social security income (SSI) benefits on Plaintiff's behalf on August 2, 2010, when Plaintiff was fifteen years old. Administrative Record (AR) at 62, 121.  Plaintiff alleged that she had a disability resulting from her diabetes, juvenile arthritis, hypertension, social phobia, and obesity.

AR at 121, 135.  An Administrative Law Judge (ALJ) held a hearing on July 11, 2012.  AR at 35.  On November 29, 2012, the ALJ issued a written decision that Plaintiff was not disabled.  AR at 30.  Plaintiff appealed to the Social Security Administration's Appeals Council on February 3, 2013.  AR at 14.  The Appeals Council declined review on June 19, 2014.  AR at 1.  Plaintiff filed in this Court on August 18, 2014, for review of the ALJ's decision.  *Doc. 1.*

## II.   PARTIES' POSITIONS

Plaintiff asserts that the ALJ (1) violated Plaintiff's due process rights by failing to provide an opportunity to review all evidence prior to the hearing; and (2) failed to support his credibility determination with substantial evidence.  The Commissioner argues that (1) Plaintiff suffered no harm from the absence of the state-agency physicians' forms because summaries of those physicians' findings and ultimate conclusions were contained in the record at the time of the hearing; and (2) substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet, medically equal, or functionally equal any of the listings, and that Plaintiff is therefore not disabled under the statute.  Ultimately, I conclude that the ALJ's opinion must be remanded on due process grounds, and I do not reach the credibility determination issue.

### III.     APPLICABLE LAW

A child is disabled if the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  Social Security Administration regulations provide for a three-step process to determine disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments that is severe; and (3) whether the impairment meets, medically equals, or functionally equals a listed impairment.  20 C.F.R. § 416.924(a).

Applicants for social security benefits are entitled to due process.  *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971).  Under 42 U.S.C. § 405(b)(1), an applicant is entitled to "reasonable notice and opportunity for a hearing."  The statute requires that if a hearing is held, the ALJ must determine an applicant's disability "on the basis of evidence adduced at the hearing."  *Id.*  Thus, "[a]n ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report."  *Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983).  The consideration of evidence obtained after the hearing violates the applicant's due process rights unless the ALJ gives the applicant "a meaningful opportunity to address the post-hearing evidence," such as a supplemental

hearing. *Yount v. Barnhart*, 416 F.3d 1233, 1235-36 (10th Cir. 2005). Nonetheless, a plaintiff's claim that the ALJ has violated her due process "will not succeed…if the claimant fails to show prejudice." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014).

### IV.     THE ALJ'S DECISION

On November 29, 2012, the ALJ issued a decision denying Plaintiff's application for SSI benefits. AR at 30. In denying Plaintiff's request for benefits, the ALJ applied the required three-step sequential analysis to determine if a child has a disability. AR at 22. At step one, the ALJ found that Plaintiff was an adolescent on the date the application was filed and that she "has not engaged in substantial gainful activity at any time relevant to this decision." *Id.* At step two, the ALJ found that Plaintiff "has the following severe impairments: hypertension, polyarthritis, diabetes mellitus, hypothyroidism, degenerative joint disease of the left ankle and obesity." *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals…[or] functionally equals the listings." AR at 23. Finally, the ALJ concluded that Plaintiff was not disabled under Section 1614(a)(3)(C) of the Social Security Act. AR at 30.

### V.     ANALYSIS

At the July 11, 2012 hearing on Plaintiff's disability, the ALJ heard testimony from both Plaintiff and her mother regarding Plaintiff's alleged disability. AR at 39-60. Plaintiff's attorney informed the ALJ that the record was missing "the DDS evaluations,

the opinions providing the basis for the denial." AR at 38. Not only were these reports not formally in the record, neither Plaintiff nor Plaintiff's counsel had been provided the reports for review. *Doc. 22 at 13*. Although the ALJ agreed that those documents needed to be marked and added as exhibits, they were not added to the record or provided to Plaintiff until after the ALJ had issued his written decision denying Plaintiff's claim. AR at 4-5.

The medical opinions contained in these reports were important as the ALJ relied on them to deny Plaintiff's claim for social security benefits. AR at 25. Noting that no treating or examining physician had offered the opinion that Plaintiff had a disability, the ALJ stated that "[s]ignificant weight is therefore granted to the opinions of the State Agency medical consultants who reviewed all the medical evidence and found that the claimant's impairments did not meet, equal or functionally equal any listed impairment." *Id*. These medical opinions were not made exhibits to the hearing and were not provided to Plaintiff prior to the ALJ's decision denying Plaintiff's claim. Therefore, the ALJ's consideration of this evidence violated Plaintiff's due process rights because the state-agency medical opinions did not constitute "evidence adduced at the hearing."

Notwithstanding the ALJ's reliance on the reports, Defendant argues that Plaintiff suffered no prejudice because summaries of the omitted medical reports were included in the record prior to the hearing. *See doc. 25* at 14-15 (*citing Mays*, 739 F.3d at

572-74). Thus, the question of prejudice turns on whether the availability of those summaries adequately permitted Plaintiff to rebut the medical opinions expressed therein. I recommend finding that they did not.

The medical reports included determinations of whether Plaintiff had "no limitation," a "less than marked" limitation, a "marked" limitation, or an "extreme" limitation in various domains of functioning. AR at 336-47. Many of these determinations detailed the facts from the record which influenced the physicians' opinions in each domain, and the forms also included lengthy explanations of the physicians' conclusions. *Id.* The summaries, on the other hand, contained no such information and instead merely listed diagnoses and conclusions that the impairments are severe but did not meet, medically equal, or functionally equal the listings. AR at 63, 65.

Without the underlying bases for the opinions as contained in the reports, contesting how the ALJ should weigh those opinions under the required factors for doing so[1] would have been incredibly difficult. *See* 20 C.F.R. § 416.927(c). With the complete medical reports, Plaintiff could have attacked, for example, the sufficiency of the physicians' explanations for the opinions they rendered, or Plaintiff could have

---

[1] The six factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which a medical source provides supporting explanations for the opinion; (4) the degree to which the opinion is consistent with the record as a whole; (5) whether the medical source is a specialist in an area related to the opinion; and (6) any other factors that tend to contradict or support an opinion. 20 C.F.R. § 416.927(c)(2)-(6).

argued that the physicians' opinions were inconsistent with the record as a whole.  *See* 20 C.F.R. § 416.927(c)(3) (requiring an ALJ to consider the degree to which a medical source provides supporting explanations for the opinion), (4) (requiring consideration of the degree to which the opinion is consistent with the record as a whole).  Such rebuttal evidence or argument could have impacted the weight that the ALJ gave to the state-agency physician opinions, and likewise could have impacted the ALJ's final decision.  Therefore, the lack of an opportunity to review the complete state-agency medical reports prejudiced Plaintiff.

    The case relied upon by Defendant, *Mays v. Colvin*, 739 F.3d 569 (10th Cir. 2014), does not dictate a different result.  In *Mays*, despite the fact that the ALJ omitted a document from the record, the relevant evidence from that document was introduced at the hearing through the testimony of a vocational expert.  *Id*. at 572-74.  Consequently, the court held that the plaintiff had failed to show any prejudice from the document's omission.  *Id*.  Unlike in *Mays*, the bases of the state-agency physicians' medical opinions were not made available to Plaintiff prior to the hearing, nor were they presented through witnesses at the hearing.  AR at 35-61.

    Given the significance of the opinions contained in the reports, Plaintiff suffered prejudice from the full reports being omitted from the record.

**VI. CONCLUSION**

For the foregoing reasons, I recommend finding that the ALJ violated Plaintiff's due process rights by failing to provide an opportunity to review the state-agency medical opinions before denying her claim. Therefore, I RECOMMEND that Plaintiff's Motion to Reverse or Remand be GRANTED and the action be REMANDED to the Commissioner.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**